**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:  Schmitz, Jason                    Bky: 26-41230

Debtor.                                   Chapter 13

_____

**NOTICE OF OBJECTION TO PROOF OF CLAIM NO. 10**
**FILED BY MELISSA LYNN BRASEL**

_____

TO: Melissa Lynn Brasel, Creditor, and other parties specified in the Local Rules.

The Debtor, Jason Schmitz, has filed an objection to your claim in this bankruptcy case.

<u>Your claim may be reduced, modified, or eliminated</u>.

You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the court to eliminate or change your claim, then on or before Tuesday, July 21, 2026, you or your lawyer must:

1.  File with the court a written response to the objection, explaining your position, at: Clerk of the Bankruptcy Court, 200 Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, MN 55101.

2.  If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.

3.  You must also send a copy of your response to the objector's attorney at: Walker & Walker Law Offices, PLLC, 4356 Nicollet Ave, Minneapolis, MN 55409.

4.  You or your attorney must also attend the hearing on the objection, scheduled to be held on Tuesday, July 28, 2026, at 9:30 a.m. before Judge Mychal A. Bruggeman conducted by WebEx at the address below:

 https://us-courts.webex.com/wbxmjs/joinservice/sites/us-courts/meeting/download/092649aa242a45b9837de28ef7d30923?MTID=m594b0fb9729997da1232f37f296571ef

5.  If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Dated: 06/23/2026

Respectfully submitted,

/s/ Christopher Anderson
Walker & Walker Law Offices, PLLC
Andrew C. Walker #392525
Ethan Mustonen #399356
Christopher G. Anderson #388787
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: Schmitz, Jason

Bky: 26-41230

Debtor.

Chapter 13

_____

## MOTION OBJECTING TO PROOF OF CLAIM NO. 10
## FILED BY MELISSA LYNN BRASEL

TO: Melissa Lynn Brasel, Creditor, and other parties specified in the Local Rules.

1. The Debtor, Jason Schmitz, hereby moves the Court for an order sustaining this objection to Proof of Claim No. 10, which was filed by Melissa Lynn Brasel on May 9, 2026.

2. The Debtor requests that the Court completely disallow the domestic support obligation priority status claimed by the Creditor and reclassify the debt as a general, non-priority unsecured claim.

3. The Creditor's Proof of Claim asserts a total liability of $11,919.89 and designates the entire balance as a priority domestic support obligation pursuant to 11 U.S.C. § 507(a)(1). The Creditor explicitly notes in the claim text that the basis of the debt is a financial judgment for personal property that was sold without permission, as finalized in a Minnesota dissolution proceeding under Case No. 13-FA-24-333.

4. The underlying state court order confirms that this monetary award was issued strictly as a judgment to compensate the Petitioner for the financial value of family heirlooms converted by the Respondent. The domestic relations court separately calculated, addressed, and ordered domestic support

obligations—such as basic child support, childcare costs, and medical health insurance shares—independently of this property distribution judgment.

5. To qualify as a priority domestic support obligation under 11 U.S.C. § 101(14A), a debt must be explicitly in the nature of alimony, maintenance, or support. While federal bankruptcy law dictates this outcome, the state court record reveals that the $11,919.89 judgment was designed to replace the value of converted household goods rather than to provide food, shelter, or daily sustenance.

6. Property settlement obligations, tort liabilities, and conversion judgments arising from domestic proceedings are routinely excluded from priority status under 11 U.S.C. § 507(a)(1).

7. Because the true legal nature of this claim is a general unsecured property judgment, the Creditor's assertion of priority status is legally invalid.

WHEREFORE, the Debtor respectfully requests that this Court sustain this objection, disallow the priority status claimed under 11 U.S.C. § 507(a)(1) for Proof of Claim No. 10, reclassify the $11,919.89 balance as a general non-priority unsecured claim or grant such other relief as this Court deems equitable and just.

Dated: 06/23/2026

Respectfully submitted,

/s/ Christopher Anderson
Walker & Walker Law Offices, PLLC
Andrew C. Walker #392525
Ethan Mustonen #399356
Christopher G. Anderson #388787
4356 Nicollet Ave
Minneapolis, MN 55409

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Schmitz, Jason                                  Bky: 26-41230

Debtor.                                                Chapter 13

_____

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 10 FILED BY MELISSA LYNN BRASEL**

### STATEMENT OF FACTS

1. On September 10, 2025, the state dissolution court issued an order addressing various domestic relations issues between the Petitioner, Melissa Lynn Brasel (Creditor), and the Respondent, Jason Schmitz (Debtor).

2. The state court explicitly isolated ongoing domestic support functions from independent tort liabilities. In its findings, the court calculated and mandated monthly basic child support, medical and dental percentages, and childcare shares using the standard Minnesota Guideline Support worksheets. Exhibit A.

3. Wholly separate from the monthly support mechanisms, the state court entered a fixed monetary judgment against the Debtor in the amount of $11,919.89. The court specifically found that the Debtor sold the Petitioner's family heirlooms.

4. The state court explicitly declared that the purpose of this award was to compensate the Petitioner for the "value of the property sold by Respondent."

5. On May 9, 2026, the Creditor filed Proof of Claim No. 10 in this bankruptcy proceeding, asserting that the entire $11,919.89 property judgment is a priority

domestic support obligation under 11 U.S.C. § 507(a)(1).

**LEGAL ARGUMENT**

To achieve first-tier priority distribution under 11 U.S.C. § 507(a)(1), a claim must independently satisfy the stringent statutory criteria set forth in 11 U.S.C. § 101(14A), which requires that the underlying liability be explicitly "in the nature of alimony, maintenance, or support". This classification is a question of a federal bankruptcy law, not state law.

The fundamental touchstone for distinguishing a support obligation from an equitable property settlement is the intent of the court or the parties at the time the liability was created. In determining this intent, bankruptcy courts within this circuit scrutinize the underlying purpose of the award to ascertain whether it functions as a necessary mechanism for daily economic safety and sustenance, or whether it merely balances the property equities between the spouses.  Moeder v. Moeder (In re Moeder), 220 B.R. 52, 55 (B.A.P. 8th Cir. 1998).

An obligation that does not condition payment on factors such as relative income disparity, employment status, or the ongoing daily survival needs of the family cannot properly be categorized as support. Id. Here, the state court's specific intent is explicitly detailed within its factual findings, calculating the $11,919.89 judgment precisely to compensate the Creditor for the liquidation value of family heirlooms converted by the Debtor. The award was not based on an evaluation of the daily financial needs of the Creditor or the minor children, but was instead an isolated, non-modifiable, lump-sum calculation of the replacement value of stolen personal assets.

A money judgment designed to remedy conversion or concealment of personal property cannot logically or legally be construed as an obligation in the nature of support or alimony. Elevating a property conversion judgment to priority status would directly conflict with the narrow statutory definitions established for domestic obligations.

Because the true legal function of this claim is a general unsecured property restitution judgment, the Creditor's assertion of priority status is legally invalid and must be disallowed.

Dated: 06/23/2026

Respectfully submitted,

/s/ Christopher Anderson
Walker & Walker Law Offices, PLLC
Andrew C. Walker #392525
Ethan Mustonen #399356
Christopher G. Anderson #388787
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

Electronically Served
4/6/2026 12:08 PM
Chisago County, MN

STATE OF MINNESOTA

COUNTY OF CHISAGO

DISTRICT COURT

TENTH JUDICIAL DISTRICT

**EXHIBIT A**

Court File: 13-FA-24-333

In Re the Marriage of:

Melissa Lynn Schmitz n/k/a
Melissa Lynn Brasel,

Petitioner,

and

Jason William Schmitz,

Respondent.

**FINDINGS OF FACT, CONCLUSIONS
OF LAW, ORDER FOR JUDGMENT
AND JUDGMENT**

---

The above-entitled matter came before the Honorable Catherine A. Trevino, Judge of

the District Court, on February 2, 2026, for hearing on Petitioner's Motion.

Petitioner appeared with her attorney, Lori L. Athmann. Respondent appeared without

counsel.

Now, based upon all the files, affidavits, exhibits, records, and proceedings, and being

fully advised in the premises, the Court makes the following:

## FINDINGS OF FACT

1. The parties were divorced by way of a Stipulated Judgment and Decree on

September 10, 2025. They entered into two subsequent Stipulations and Orders that were entered

by the Court on December 26, 2025.

2. On January 9, 2026, Petitioner filed a Motion seeking an Order as follows:

   a. Awarding Judgment in favor of Petitioner and against Respondent in the amount
   of $23,838.00;
   b. Modifying the parenting time schedule to coincide with the parties' agreement
   which has been fully implemented with the consent of both parties since
   September;
   c. Modifying child support to be consistent with the Minnesota Child Support
   Guidelines due to changes in circumstances relative to Respondent's gross

1

income; and

    d.  Awarding Petitioner her attorney's fees and costs in the amount of $3,500.00.

3.    Respondent did not file any response to Petitioner's Motion, but requested a continuance of the scheduled hearing that the Court denied.

4.    On February 2, 2026, the hearing was held and arguments were heard from the parties. The Court allowed the parties to submit proposed orders on the outstanding issues and Petitioner subsequently filed a timely proposed order. Respondent did not file a proposed order.

5.    During the hearing, the Court ordered both parties to exchange and file 2025 year-end paystubs, as well as their current paystubs showing earnings, bonuses and commissions, by no later than February 16, 2026. The record shows Petitioner timely provided the court ordered information.

6.    Respondent filed copies of his paystubs and W-2 after the February 16, 2026 deadline.

7.    Petitioner objected to Respondent's late submissions, but also alternatively filed a response for the Court to consider.

8.    Respondent objected to the filing of Petitioner's affidavit dated February 26, 2026, on the basis that this was filed outside of the record.

9.    The Court now denies the parties' respective objections and finds that the parties' late submissions and responses should be considered in the best interests of the children on the issues of child support and parenting time.

10.    The parties are the parents of two minor children: Lettie, age 4, and Lillie age 2. The Judgment and Decree awarded joint legal and physical custody, with Respondent having parenting time every other weekend from 6:00 p.m. on Friday through 8:00 a.m. on Monday, with Respondent being responsible for transportation. Respondent further has the

option of an evening parenting time in the general geographical area where the children are residing. The parties agreed that Respondent's parenting time consisted of 25 percent of the time.

11. The Judgment and Decree established Respondent's child support obligations of $512.00 in basic support, $52.00 in medical support and $735.00 in childcare support, for a combined obligation of $1,299.00, At the time child support was established, Respondent had started a new job at Chevrolet of Wayzata earning a gross base salary of $4,500.00 It was anticipated that Respondent would earn commissions and bonus pay in the foreseeable future. As such, the parties agreed to a six-month review was appropriate. Petitioner was employed full-time earning a gross monthly income of $8,762.00, which included $416.00 per month representing the average annual bonus she received.

12. Following entry of the Judgment and Decree, Respondent changed jobs and now works at Tesla in St. Paul. Respondent's paystubs shows an hourly rate of $35.78, which results in a gross monthly salary of $6,201.00. Respondent is eligible for overtime as well as bonuses, but based on the limited income information from Respondent's new job, the Court declines to impute income based on overtime or bonuses at this time. There have been no changes in Petitioner's employment or earnings.

13. Petitioner seeks an order formally adopting the parties' agreed upon modification to the parenting time schedule, which was implemented in September 2025, after Respondent relocated to River Falls, Wisconsin (a distance of 1 hour and 45 minutes from Petitioner's home and children's daycare) and accepted a job in St. Paul, Minnesota. The parties agreed to end Respondent's every other weekend parenting time at 5:00 p.m. on Sundays. The agreement was reduced to writing via Our Family Wizard. During the hearing,

3

Respondent acknowledged the agreement and that it would not be in the children's best interest to endure an almost two-hour commute Monday mornings before school and daycare and that he would not do that to the children.

14. Petitioner expressed concern that without a court order adopting the agreed upon schedule, Respondent would unilaterally use the schedule as leverage to the detriment of the young children. Petitioner's February 26th supplemental affidavit attached Our Family Wizard exchanges which evidence Respondent demanding the girls remain in his care through Monday morning in retaliation of Petitioner seeking to modify child support and including the agreed upon exchange time in the Order. The Respondent's act of keeping the girls resulted in them having to get up and be ready to depart by 5:30 a.m. and make an almost two-hour commute Monday morning. He stated that he would continue such arrangements.

15. Respondent's parenting time under the parties' modified schedule as agreed to and implemented since October 2025, consists of 62 overnights (52 under the regular parenting time schedule, and an additional 10 for vacation time). Petitioner requests the Court to maintain the parties' prior agreement that Respondent's child support be calculated with him having the children 25 percent of the time as set forth in the Stipulated Judgment and Decree.

16. No changes with respect to the cost of the children's medical and dental insurance premiums, or childcare costs, were asserted by either party.

17. Petitioner seeks judgment against Respondent in the amount of $11,919.89 for the value of the family heirlooms which Respondent admitted he pawned. Petitioner also seeks double damages under the civil theft statute.

4

18.     Petitioner further requests conduct-based attorney's fees in the amount of $3,500.00. Petitioner's attorney filed a declaration producing invoices showing the time spent relative to addressing the lost heirlooms. Petitioner repeatedly asked Respondent where the heirlooms were after he had already sold them, to which he responded he had no clue and that he never touched them. In response to formal discovery responses, Respondent was asked to disclose any sale proceeds realized by him, to which he responded none.

19.     Petitioner produced a copy of her aunt's trust which demonstrates the gift of the heirlooms to Petitioner.

20.     It was only after the Judgment and Decree was entered that Petitioner discovered Respondent's sale of the heirlooms to the pawn shop after subpoenaing his bank records to further address Respondent's gross income for purposes of establishing child support.

21.     During the hearing, Respondent claimed Petitioner wrongfully concealed a Morgan Stanley account having a balance of about $20,000.00. Petitioner filed an affidavit showing the documented history of stock options being exercised and sold during the parties' marriage. After fees and taxes, the net of the transaction was $5,040.46. That transaction occurred well in advance of the commencement of the divorce proceeding. Petitioner also produced bank statements showing the net proceeds from the stock options were deposited into the parties' joint checking account and used to pay for living expenses and debt.

Based on the foregoing facts, the Court now enters the following:

## CONCLUSIONS OF LAW

1.      Pursuant to Minn. Stat. §518A.39, Subd. 2(d), there has been a substantial change in circumstances that renders the existing child support order unreasonable and

unfair. The terms of the existing order is rebuttably presumed to be unreasonable and unfair if application of the child support guidelines results in a calculated order that is at least 20 percent and $75 higher or lower than the current child support obligation.

2. Pursuant to Minn. Stat. §518A.39, subd. 2(f), a modification of support may be made retroactive only with respect to any period during which the petitioning party has pending a motion for modification but only from the date of service of the notice of motion and motion. Petitioner filed her motion seeking to modify child support on January 9, 2026. It is appropriate to grant a retroactive modification from that date.

3. Pursuant to Minn. Stat. §518.18, Subd. (a), unless agreed to in writing by the parties, no motion to modify a parenting plan may be made earlier than one year after the entry of the date of the decree of dissolution. The parties did in fact agree to a modification of parenting time as clearly evidenced in the parties' Our Family Wizard messages offered into evidence.

4. Pursuant to Minn. Stat. §518.18, Subd. (c), the Court may modify a parenting order earlier than one year after entry of the date of the decree of dissolution if it finds or has reason to believe that the child's present environment may endanger the child's physical or emotional health or impair the child's emotional development. Respondent admitted at the hearing that it is not in the children's best interests to require them to get up at 5:30 a.m. for a two-hour commute on Monday mornings. The Court finds that requiring such young children, ages 2 and 4, to make such a commute prior to being returned to daycare is endangering to their emotional health and development and that a modification of the parenting time is in the best interests of the children.

5. The Court finds that Respondent intentionally took Petitioner's family

6

heirlooms and sold them, then denied knowing what happened to the items in an attempt to conceal his actions. Petitioner is entitled to a judgment of $11,919.89 for the value of the property sold by Respondent.

6.      Pursuant to Minn. Stat. §604.14, a person who steals personal property from another is civilly liable to the owner for its value when stolen plus punitive damages of either $50, or up to 100 percent of its value, whichever is greater. The Court finds that Petitioner may pursue a separate civil action to address her claim under Minn. Stat. §604.14, but the Court declines to award double damages in this dissolution case.

7.      Under Minn. Stat. § 518.14, subd. 1a, a court may award "additional fees, costs and disbursements against a party who unreasonably contributes to the length or expense of the proceeding." *See Geske v. Marcolina*, 624 N.W.2d 813, 818 (Minn. App. 2001). An award of conduct-based fees under Minn. Stat. § 518.14, subd. 1, may be made regardless of the recipient's need for fees and regardless of the payor's ability to contribute to a fee award. *Id., see Gales v. Gales*, 553 N.W.2d 416, 423 (Minn. 1996) (*citing Dabrowski v. Dabrowski*, 477 N.W.2d 761 (Minn.App. 1991)).

8.      Petitioner is awarded conduct based legal fees from Respondent in the amount of $3,500.00 for having to file this motion and expend significant time and expenses to obtain Court intervention to address the issue of the sale of the Petitioner's family heirlooms.

Based upon the foregoing conclusions of law, the Court makes the following:

**ORDER**

1.      Judgment is hereby entered against Respondent in the amount of $11,919.89 in favor of Petitioner for the personal property owned by Petitioner that Respondent took and sold without her knowledge and consent, and such judgment shall be entered accordingly and without

delay.

2.    The September 10, 2025, parenting time order is hereby modified to allow Respondent parenting time every other weekend from 6:00 p.m. on Friday until 5:00 p.m. on Sunday. All other parenting time provisions shall remain in place without modification.

3.    Respondent's child support obligation is hereby modified, retroactive to January 1, 2026. Basic child support shall be $688.00, medical and dental support of $64.00, and $906.00 in childcare support, for a combined monthly support obligation of $1,658.00. Attached hereto as Exhibit A is the Minnesota Guideline Support Guidelines Worksheet.

4.    The Court's December 30, 2025, Order is hereby modified to incorporate Petitioner's PICS at 63 percent and Respondent's PICS at 37 percent for purposes of calculating the parties' respective contribution share to the child's uncovered or uninsured medical, dental, vision and other health-related expenses.

5.    Petitioner is hereby awarded conduct-based attorney's fees in the amount of $3,500.00 against Respondent and judgment shall be entered accordingly and without delay.

6.    All previous Orders not modified by the Order herein shall remain in full force and effect.

7.    The attached Exhibit A and Appendix A are incorporated herein by reference and made a part of this Order.

8.    The Chisago County Court Administrator shall provide notice of the filing of this order to the parties as provided in Minn. R. Civ. Pro. 77.04.

8

**LET JUDGMENT BE ENTERED ACCORDINGLY**

BY THE COURT

Trevino, Catherine (Judge)

Digitally signed by
Trevino, Catherine
(Judge)
Date: 2026.04.03
16:27:48 -05'00'

Catherine A. Trevino                 Date
Judge of District Court

13-FA-24-333

## JUDGMENT

I hereby certify that the foregoing Findings of Fact, Conclusions of Law, and Order constitute the Judgment of this Court.

**IN WITNESS WHEREOF**, I have set my hand and seal this _____ day of _____ 2026, at Center City, Minnesota.

DISTRICT COURT ADMINISTRATOR

Dated: __04/06/2026_____        By Deputy: _____ *Jilly Kopecky* –

APPENDIX A

**NOTICE IS HEREBY GIVEN TO THE PARTIES:**

    **I. PAYMENTS TO PUBLIC AGENCY.** According to Minnesota Statutes, section 518A.50, payments ordered for maintenance and support must be paid to the Minnesota child support payment center as long as the person entitled to receive the payments is receiving or has applied for public assistance or has applied for support and maintenance collection services. Parents mail payments to: P.O. Box 64326, St. Paul, MN 55164-0326. Employers mail payments to: P.O. Box 64306, St. Paul, MN 55164.

    **II. DEPRIVING ANOTHER OF CUSTODIAL OR PARENTAL RIGHTS -- A FELONY.** A person may be charged with a felony who conceals a minor child or takes, obtains, retains, or fails to return a minor child from or to the child's parent (or person with custodial or parenting time rights), according to Minnesota Statutes, section 609.26. A copy of that section is available from any court administrator. <sup>13-FA-24-333</sup>

    **III. NONSUPPORT OF A SPOUSE OR CHILD -- CRIMINAL PENALTIES.** A person who fails to pay court-ordered child support or maintenance may be charged with a crime, which may include misdemeanor, gross misdemeanor, or felony charges, according to Minnesota Statutes, section 609.375. A copy of that section is available from any district court clerk.

    **IV. RULES OF SUPPORT, MAINTENANCE, PARENTING TIME.**

A.     Payment of support or spousal maintenance is to be as ordered, and the giving of gifts or making purchases of food, clothing, and the like will not fulfill the obligation.

B.     Payment of support must be made as it becomes due, and failure to secure or denial of parenting time is NOT an excuse for nonpayment, but the aggrieved party must seek relief through a proper motion filed with the court.

C.     Nonpayment of support is not grounds to deny parenting time. The party entitled to receive support may apply for support and collection services, file a contempt motion, or obtain a judgment as provided in Minnesota Statutes, section 548.091.

D.     The payment of support or spousal maintenance takes priority over payment of debts and other obligations.

E.     A party who accepts additional obligations of support does so with the full knowledge of the party's prior obligation under this proceeding.

F.     Child support or maintenance is based on annual income, and it is the responsibility of a person with seasonal employment to budget income so that payments are made throughout the year as ordered.

G.     A *Parental Guide to Making Child-Focused Parenting Time Decisions* is available from any court administrator.

H.     The nonpayment of support may be enforced through the denial of student grants; interception of state and federal tax refunds; suspension of driver's, recreational, and occupational licenses; referral to the department of revenue or private collection agencies; seizure of assets, including bank accounts and other assets held by financial institutions; reporting to credit bureaus; interest charging, income withholding, and contempt proceedings; and other enforcement methods allowed by law.

I.     The public authority may suspend or resume collection of the amount allocated for child care expenses if the conditions of Minnesota Statutes, section 518A.40, subdivision 4, are met.

J.     The public authority may remove or resume a medical support offset if the conditions of section 518A.41, subdivision 16, are met.

K.     The public authority may suspend or resume interest charging on child support judgments if the conditions of section 548.091, subdivision 1a, are met.

    **V. MODIFYING CHILD SUPPORT.** If either the obligor or obligee is laid off from employment or receives a pay reduction, child support may be modified, increased, or decreased. Any modification will only take effect when it is ordered by the court, and will only relate back to the time that a motion is filed. Either the obligor or obligee may file a motion to modify child support, and may request the public agency for help. UNTIL A MOTION IS FILED, THE CHILD SUPPORT OBLIGATION WILL CONTINUE AT THE CURRENT LEVEL. THE COURT IS NOT PERMITTED TO REDUCE SUPPORT RETROACTIVELY.

    **VI. PARENTAL RIGHTS FROM MINNESOTA STATUTES, SECTION 518.17, SUBDIVISION 3.** UNLESS OTHERWISE PROVIDED BY THE COURT:

A.     Each party has the right of access to, and to receive copies of, school, medical, dental, religious training, police reports, and other important records and information about the minor children. Each party has the right of access to information regarding health or dental insurance available to the minor children. Presentation of a copy of this order

to the custodian of a record or other information about the minor children constitutes sufficient authorization for the release of the record or information to the requesting party.

B.      Each party has the right to be informed by the other party as to the name and address of the school of attendance of the minor children. Each party has the right to be informed by school officials about the children's welfare, educational progress and status, and to attend school and parent teacher conferences. The school is not required to hold a separate conference for each party.

C.      Each party has the right to be notified by the other party of an accident or serious illness of a minor child, including the name of the health care provider and the place of treatment.

D.      Each party has the right to be notified by the other party if the minor child is the victim of an alleged crime, including the name of the investigating law enforcement officer or agency. There is no duty to notify if the party to be notified is the alleged perpetrator.

E.      Each party has the right of reasonable access and telephone contact with the minor children.

13-FA-24-333

**VII.  WAGE AND INCOME DEDUCTION OF SUPPORT AND MAINTENANCE.** Child support and / or spousal maintenance may be withheld from income, with or without notice to the person obligated to pay, when the conditions of Minnesota Statutes, section 518A.53, have been met. A copy of that section is available from any court administrator.

**VIII.  CHANGE OF ADDRESS OR RESIDENCE.** Unless otherwise ordered, each party shall notify the other party, the court, and the public authority responsible for collection, if applicable, of the following information within ten days of any change: residential and mailing address, telephone number, driver's license number, social security number, and name, address, and telephone number of the employer.

**IX.  COST OF LIVING INCREASE OF SUPPORT AND MAINTENANCE.** Basic support and / or spousal maintenance may be adjusted every two years based upon a change in the cost of living (using the U.S. Department of Labor, Bureau of Labor Statistics, consumer price index Mpls. St. Paul, for all urban consumers (CPI-U), unless otherwise specified in this order) when the conditions of Minnesota Statutes, section 518A.75, are met. Cost of living increases are compounded. A copy of Minnesota Statutes, section 518A.75, and forms necessary to request or contest a cost of living increase are available from any court administrator.

**X. JUDGMENTS FOR UNPAID SUPPORT; INTEREST.** According to Minnesota Statutes, section 548.091:

A.      If a person fails to make a child support payment, the payment owed becomes a judgment against the person responsible to make the payment by operation of law on or after the date the payment is due, and the person entitled to receive the payment or the public agency may obtain entry and docketing of the judgment **without notice** to the person responsible to make the payment.

B.      Interest begins accruing on a payment or installment of child support whenever the unpaid amount due is greater than the current support due.

**XI.  JUDGMENTS FOR UNPAID MAINTENANCE.** A judgment for unpaid spousal maintenance may be entered and docketed when the conditions of Minnesota Statutes, section 548.091, are met. A copy of that section is available from any court administrator.

**XII.  ATTORNEY FEES AND COLLECTION COSTS FOR ENFORCEMENT OF CHILD SUPPORT.** A judgment for attorney fees and other collection costs incurred in enforcing a child support order will be entered against the person responsible to pay support when the conditions of Minnesota Statutes, section 518A.735, are met. A copy of that section and forms necessary to request or contest these attorney fees and collection costs are available from any court administrator.

**XIII.  PARENTING TIME EXPEDITOR PROCESS.** On request of either party or on its own motion, the court may appoint a parenting time expeditor to resolve parenting time disputes under Minnesota Statutes, section 518.1751. A copy of that section and a description of the expeditor process is available from any court administrator.

**XIV.  PARENTING TIME REMEDIES AND PENALTIES.** Remedies and penalties for wrongful denial of parenting time are available under Minnesota Statutes, section 518.175, subdivision 6. These include compensatory parenting time; civil penalties; bond requirements; contempt; and reversal of custody. A copy of that subdivision and forms for requesting relief are available from any court administrator.

**In addition to the Notices on pages 1 and 2, the following NOTICE applies to all orders addressing custody pursuant to Minn. Stat. § 518.17, subd. 3a.**

## NOTICE
**EACH PARTY IS GRANTED THE FOLLOWING RIGHTS:**

1. Right of access to, and to receive copies of, school, medical, dental, religious training, police reports, and other important records and information about the minor children.
2. Right of access to information regarding health or dental insurance available to the minor children.
3. Right to be informed by the other party as to the name and address of the school of attendance of the minor children.
4. Right to be informed by school officials about the children's welfare, educational progress and status, and to attend school and parent-teacher conferences. The school is not required to hold a separate conference for each party, unless attending the same conference would result in violation of a court order prohibiting contact with a party.
5. Right to be notified by the other party of an accident or serious illness of a minor child, including the name of the health care provider and the place of treatment.
6. Right to be notified by the other party if the minor child is the victim of an alleged crime, including the name of the investigating law enforcement officer or agency. There is no duty to notify if the party to be notified is the alleged perpetrator.
7. Right to reasonable access and telephone or other electronic contact with the minor children.

# Child Support Guidelines Worksheet

**Parent A:** Jason Schmitz  
**Parent B:** Melissa Brasel

**IV-D Case Number:**  
**Court File Number:** 13-FA-24-333

**Number of Joint Children:** 2  
**Date:** 4/3/2026

|  |  | Parent A | Parent B | Combined |
|---|---|---|---|---|
| **Income** | 1a. Monthly Income Received | $6201 | $8762 | ---- |
|  | 1b. Child(ren)'s Social Security/Veterans' Benefits Derived From a Parent's Eligibility | $0 | $0 | ---- |
|  | 1c. Potential Income | $0 | $0 | ---- |
|  | 1d. Spousal Maintenance Orders Obligated to be Paid | $0 | $0 | ---- |
|  | 1e. Monthly Gross Income (1a+1b+1c-1d) | $6201 | $8762 | ---- |
| **Adjustments** | 2a. Number of Nonjoint Child(ren) without a support order (Maximum number allowed is 6) | 2 | 0 | ---- |
|  | 2b. Deduction for Nonjoint Child(ren) without a support order | $1049 | $0 | ---- |
|  | 2c. Child Support Order(s) Obligated to be Paid for Nonjoint Child(ren) | $0 | $0 | ---- |
|  | 3. Parental Income for Determining Child Support (PICS) | $5152 | $8762 | $13914 |
|  | 4. Percentage Share of Combined PICS | 37% | 63% | ---- |
|  | 5. Combined Basic Support Obligation | ---- | ---- | $2060 |
|  | 6. Pro Rata Basic Support Obligation | $762 | $1298 | ---- |
| **Basic Child Support Obligation** | 7. Basic Support Obligation After Parenting Expense Adjustment (if applicable) | $688 |  | ---- |
| **Child Care Obligation** | 8. Child Care Support Obligation for Joint Child(ren) | $906 |  | ---- |

Exhibit A

| | | | | |
|---|---|---|---|---|
| **Medical Support Obligation** | 9a. Monthly Cost of Health Care Coverage for Joint Child(ren) | $0 | $156 | ---- |
| | 9b. Pro Rata Share of Health Care Coverage Costs | $58 | $98 | ---- |
| **Private Coverage is Appropriate** | 9c. Contribution to Health Care Coverage | $58 | | ---- |
| | 9d. Monthly Cost of Dental Coverage for Joint Child(ren) | $0 | $16 | ---- |
| | 9e. Pro Rata Share of Dental Coverage Costs | $6 | $10 | ---- |
| | 9f. Contribution to Dental Coverage | $6 | | ---- |
| | 9g. Medical Support Obligation-Private Coverage | $64 | | ---- |
| **Public Coverage is Appropriate** | 10. Medical Support Obligation for Public Coverage | | | ---- |
| **Uninsured/Unreimbursed Expenses** | 11. Share of Uninsured and/or Unreimbursed Health-Related Expenses | 37% | 63% | ----- |
| | 12. Net Child Support Obligation | $1658 | $0 | ---- |
| **Benefits Adjustment** | 13. Child(ren)'s Social Security/Veterans' Benefits Derived from Parent's Eligibility | | | ---- |
| **Computing a Final Obligation** | 14. Total Child Support Obligation | $1658 | $0 | ---- |
| | 15a. Parental Income for Determining Child Support (PICS) | $5152 | $8762 | ---- |
| | Amount Minnesota law allows to support yourself | $1596 | $1596 | ---- |
| **Ability to Pay Calculation** | 15b. Income Available for Support (Line 15a – Line 13 – 120% of monthly FPG) | $3556 | $7166 | ---- |
| | 16. Monthly Child Support Obligation - No Adjustment Necessary | $1658 | $0 | ---- |
| | 17. Amount of Reduction | | | ---- |

Exhibit A

| **Child Support Obligation Adjustment** | 18. Medical Support | | | |
|---|---|---|---|---|
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | ---- |
| | 19. Child Care Support | | | |
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | ---- |
| | 20. Basic Support | | | |
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | |
| | 21. Monthly Child Support Obligation After Adjustment | | | ---- |
| **Presumptive Minimum Order/Basic Support Only** | 22. Presumptive Minimum Order based on the number of joint children | | | ---- |

## Parenting Expense Adjustment Supplement

**Parent A:** Jason Schmitz
**Parent B:** Melissa Brasel

**IV-D Case Number:**
**Court File Number:** 13-FA-24-333

**Number of Joint Children:** 2
**Date:** 4/3/2026

| | Parent A | Parent B | Combined |
|---|---|---|---|
| 1. Number of Annual Overnights for joint child(ren) | 91.25 | 273.75 | |
| 2. Percentage of Parenting Time | 25% | 75% | ---- |
| 3. Basic Support Obligation | $762 | $1298 | $2060 |
| 4a. Percentage of Adjustment for Parenting Time between 10% and 45% | | | |
| 4b. Amount of Adjustment for Parenting Time | | | |
| 4c. Obligation after Parenting Expense Adjustment | | | |
| 5a. Percentage of Parenting Time is at Least 45.1% for Both Parents | | | |
| 5b. Each Parent's Percentage Share of Combined PICS | | | |
| 5c. Each Parent's Pro Rata Basic Child Support Obligation | | | |

Exhibit A

| | Parent A | | |
|---|---|---|---|
| 5d. Obligation After Parenting Expense Adjustment | | | |
| 6a. Obligation after Parenting Expense Adjustment Based on the Number of Annual Overnights | $688 | | ---- |
| 6b. Greater than 55% Parenting Time Adjustment | | | ---- |

## Child Care Support Obligation Supplement

**Parent A:** Jason Schmitz                    **Number of Joint Children:** 2
**Parent B:** Melissa Brasel            13-FA-24-333

| | Parent A | Parent B |
|---|---|---|
| 1. PICS | $5152 | $8762 |
| 2a. Monthly Cost of Child Care for Joint Child(ren) | $0 | $2550 |
| 2b. Number of Child(ren) Receiving Child Care | | 2 |
| 2c. Cost of Child Care to be Applied to Tax Tables | | $500 |
| 3. Federal Child Care Credit Percentage | | 20% |
| 4. Estimated Monthly Federal Child Care Credit | | $100 |
| 5. Minnesota Child Care Maximum Allowable Credit | | $0 |
| 6. Estimated Monthly Minnesota Child Care Credit | | $0 |
| 7. Total Estimated Tax Credits | $0 | $100 |
| 8. Net Child Care Cost | $0 | $2450 |
| 9. Percentage Share of Combined PICS | 37% | 63% |
| 10. Pro Rata Share of Net Child Care Cost | $906 | |
| 11. Child Care Support Obligation if any Joint Child is Covered by Child Care Assistance and Parent A Meets Income Limits for Child Care Assistance | | |

## Child Support Summary

**Parent A:** Jason Schmitz                    **Number of Joint Children:** 2
**Parent B:** Melissa Brasel                    **Date:** 4/3/2026

| | Parent A | Parent B |
|---|---|---|
| Basic Support Obligation Amount | $688 | $0 |
| Child Care Support Obligation Amount | $906 | $0 |
| Medical Support Obligation Amount | $64 | $0 |
| **Child Support Obligation Total Amount** | $1658 | $0 |
| Share of Uninsured and/or Unreimbursed Health-Related Expenses | 37% | 63% |
| Notes: | | |

Exhibit A

**Important Disclaimer:** When used prior to a court hearing, the child support guidelines worksheet, instructions, and calculator are for information and educational use only. The amounts in the worksheet before the court hearing do not guarantee the same amount of child support that will be ordered. The results obtained are only as accurate as the information used. The actual child support order may be affected by other factors. The Court has the final authority to determine the amount of child support ordered. When the worksheet is attached to a court order, it is part of the Court's decision. If the amount of child support in the order is different than the amount in the worksheet, the amount in the order, is the amount to be paid.

13-FA-24-333

Calculated by the Minnesota Child Support Guidelines Calculator on
4/3/2026 at 3:11 PM

Exhibit A

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  Schmitz, Jason

Debtor.

Bky: 26-41230

Chapter 13

---

## VERIFICATION BY DEBTOR

---

I, Jason Schmitz, the debtor named herein, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: __Jun 23 2026 12:24 CST__

*Jason Schmitz*
Jason Schmitz

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  Schmitz, Jason                                    Bky: 26-41230

Debtor.                                                   Chapter 13

_____

### PROPOSED ORDER

This matter came before the Court upon the Notice of Objection and Motion Objecting to the Proof of Claim Number 10 filed by Melissa Lynn Brasel. Appearances, if any, were noted on the record. Based on the motion and the file, records and proceedings herein,

IT IS ORDERED:

1. The Debtor's Objection to Melissa Lynn Brasel's proof of claim is sustained;

2. The claim amount set forth in Melissa Lynn Brasel, Proof of Claim, Number 10, in the amount of $11,919.89, is hereby disallowed.

BY THE COURT:

Dated: _____

_____
Judge Mychal A. Bruggeman
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  Schmitz, Jason

Bky: 26-41230

Debtor.

Chapter 13

_____

## UNSWORN CERTIFICATE OF SERVICE

_____

I, Christopher Anderson, hereby certify that a true and correct copy of the foregoing amendment has been served upon the following parties in interest either by pre-paid first-class U.S. mail or by electronic notification on:

Gregory A. Burrell, Chapter 13 Trustee
100 S 5th St Suite 480
Minneapolis, MN 55402

Office of the United States Trustee
300 South Fourth Street, Suite 1015
Minneapolis, MN 55415

Melissa Lynn Brasel
677 Roberts Rd
Sartell, MN 56377-2626

Jason Schmitz
10100 96th Ave N
Maple Grove, MN 55369

All creditors on the attached list.

Dated: 06/23/2026

/s/ Christopher Anderson
Christopher Anderson #0388787